IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BASIL A. CHAPMAN, LOWELL WARD,
WILLIAM SPEARS, WILLIE JACKSON, JR. And
UNITED STEEL WORKERS OF AMERICA,
AFL-CIO-CLC, on behalf of themselves and others
similarly situated,

      Plaintiffs,

v.              CIVIL ACTION NO. 3:04-0062
              (Consolidated with 3:04-00938)

ACF INDUSTRIES LLC; PROGRAM OF
INSURANCE BENEFITS FOR RETIRED
BARGAINING EMPLOYEES OF AMCAR
DIVISION OF ACF INDUSTRIES; and DOES 2
THROUGH 20,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

    The parties previously agreed that a class should be certified in this case. Therefore, on March 25, 2005, this Court entered an Order which granted Plaintiff's motion for class certification and directed the parties to file a proposed class definition. Since that time, the parties have stipulated as to the class definition in all respects except for the scope of the proposed class. Upon review of the parties' briefs on the remaining issue, the Court finds in favor of Defendants' version.

    This case involves health care benefits that Defendant ACF Industries LLC ("ACF") offers to it retirees and their beneficiaries. Plaintiffs brought this action to challenge changes ACF made to benefits under the "Hospital and Physician Services Benefit Plan for Eligible Retired

Employees and Dependents of ACF Industries, Inc." ("Hospital and Physician Services Benefit Plan").[1] The parties agree on the following class definition with respect to Plaintiffs' challenge:

> a. Individuals who are or were participants or beneficiaries in ACF's Hospital and Physicians Services Benefit Plan for Eligible Retired Employees and Dependents of ACF Industries, Inc., located at Huntington, West Virginia, as amended, or any other predecessor Plan providing physicians and hospitalization benefits; and
>
> b. Who were (i) employed by ACF at the Huntington, West Virginia plant, or (ii) in the case of beneficiary-spouses or participant-spouses, had employee-spouses who were employed at that plant or who died while employed at that plant leaving a spouse with a survivor pension (iii) in the case of child beneficiaries, had parents who met the criteria of subparts (i) or (ii) of this paragraph; and
>
> c. Who had been the employees' representative for collective bargaining purposes by the Union at the time of their retirement from ACF; and
>
> d. As to whom ACF announced in December 2003 that, effective February 1, 2004, the Plan would be amended to shift certain costs of coverage to participants and beneficiaries.

In their brief, Plaintiffs assert that the first paragraph of the class definition also should include those individuals who are enrolled in Defendants' major medical plan.[2] However, Defendants disagree

---

[1] According to Plaintiffs, these changes include a lifetime benefit limit of $150,000 and new premiums.

[2] Plaintiffs' proposed version of the first paragraph reads:

> Individuals who are or were participants or beneficiaries in ACF's Hospital and Physicians Services Benefit Plan for Eligible Retired Employees

(continued...)

with the inclusion of these individuals because the major medical plan has never been modified and ACF has never announced any intention to amend this plan. On the other hand, Plaintiffs argue that the scope of the proposed class should include these individuals because the major medical plan was negotiated at the same time and in the same context as the plan Defendants changed. Thus, for the sake of judicial economy, Plaintiffs assert that the Court should resolve whether Defendant can make changes to the major medical plan at the same time it decides whether the changes already made to the Hospital and Physicians Services Benefit Plan was proper.[3] Otherwise, Plaintiffs claim that they could be victorious with respect to the plan that was changed, only to then have Defendants change the major medical plan.

Although the Court appreciates Plaintiffs concerns about potential future changes to the major medical plan, they do not state a cause of action in their Complaint to determine whether the major medical benefits may be altered in the future. The Complaint states two causes of action. Count One is brought pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), and alleges that the "reductions" violate the collective bargained for agreements. *Complaint* ¶ 23. In Count Two, Plaintiffs assert that their right to benefits are vested and cannot "be

---

[2](...continued)
and Dependents of ACF Industries, Inc., located at Huntington, West Virginia, as amended or such other Plan providing for medical benefits to retirees of ACF Industries located at Huntington, West Virginia (the "Plan").

[3]Plaintiff claims that the difference between the two plans is similar to that seen under the Medicare program. Essentially, the major medical benefits include visits to the doctor and prescription drugs, while the Hospital and Physicians Services Benefit Plan covers operations and other hospital treatements.

adversely affected by purported amendments and unilateral imposition of the part of the cost of coverage" pursuant to Sections 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). Clearly, both of these counts involve the alleged changes Defendants already made to Plaintiffs' benefits under the Hospital and Physicians Services Benefit Plan. They do not state a claim to clarify Plaintiffs' rights to future major medical benefits.[4] Indeed, in the section of the Complaint entitled "Class Action Allegations," Plaintiffs proposed that the class consist of those participants and beneficiaries "as to whom ACF announced in December 2003 that it is shifting much of the cost of coverage to participants." *Id*. at ¶ 27(4). Therefore, as Plaintiffs' Complaint focuses on the benefits that Defendants already have changed, this Court finds that it would be inappropriate to include individuals in the class who have not even stated a cause of action against Defendants regarding the provision of future major medical benefits.[5] To conclude otherwise would require this Court to decide an issue that is not pled in the Complaint.[6] Accordingly, the Court **ADOPTS** Defendant's version of the proposed class.

---

[4]Although Plaintiff has not stated a cause of action with respect to any future changes to major medical benefits, the Court recognizes that Section 502(a)(1)(B) of ERISA allows a civil action to be brought "to clarify rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B).

[5]Plaintiffs state in the "Prayer for Relief" section of the Complaint that they want the Court to "prohibit ACF from terminating or reducing coverage in the future," however, the Court finds this statement is an insufficient basis in which to conclude that participants in the major medical benefit plan should be included in the class.

[6]Likewise, the Court finds no basis to include participants in the major medical benefits plan based upon Defendants' Complaint in the consolidated action.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:  August 23, 2005

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE